JOHN COLLINS v. The EXECUTORS of ROBERT TAYLOR, deceased, et al.

Where a bill has been filed by one of several legatees, for his share of a legacy, against the executors and the other legatees, and an interlocutory decree has been made establishing the right of the legatees to recover—the complainant cannot, after such decree, dismiss his bill to the prejudice of the legatees who are defendants, without their consent; and if such order of dismissal be made, it will be vacated and set aside, except so far as respects the complainant; and the interlocutory decree, and the master's report thereon, will be deemed valid and effectual so far as respects the other legatees.

Order of dismissal, as it respects parties prejudiced thereby, vacated after the lapse of three years from the date of the order.

Where the facts are all before the court, application to vacate a decree or set aside an order may be made upon motion merely. It is not necessary to file a petition.

BILL filed the twenty-ninth of September, eighteen hundred and twenty-six, for a legacy bequeathed by Robert Taylor, late of the county of Hunterdon, deceased, in and by a codicil to his last will and testament, bearing date on the thirtieth day of August, eighteen hundred and twenty-one. The bequest is as follows:

"I do hereby also revoke, disannul and make void, the bequest of one thousand dollars in my last will and testament made to Robert Huey, son of my neice, Martha Huey, of the county of Londonderry, in the kingdom of Ireland; and I do hereby give and bequeath to the said son of my neice, Martha Huey, now known by the name of Robert Taylor, the sum of three thousand dollars; and further, I do give and bequeath to the said Robert Taylor, the sum of nine thousand dollars, in

trust, nevertheless, to be divided by him among the nearest descendants of my deceased sisters, in such proportions and to such persons as he in his judgment may think the most needy, prudent and meritorious, placing the most perfect reliance on his integrity, in the discharge of the trusts herein reposed in him, although only known to me by his good name, which I, hope he will continue to deserve. If these two last bequests are not called for in seven years after my decease, my will is that they become void, and become part of the residue of my estate, but if demanded, they are to be paid by my executors out of the residue of my estate mentioned in my last will and testament."

The testator died on the first of October, eighteen hundred and twenty-one, leaving his will and codicil unrevoked. Robert Huey, the legatee, died in the lifetime of the testator, unmarried and without issue. The testator had five sisters, viz. Elizabeth, Jane, Mary, Margaret and Ann, all of whom married and died in the lifetime of the testator, leaving issue.

At the time of filing the bill, the only surviving representatives of the said sisters, known to the complainant, were Edward Collins, the complainant, son of Margaret; Mary Moore and Elizabeth Moore, daughters of Elizabeth; Martha Moody, daughter of Jane; and John Forsyth, Ann Forsyth and Elizabeth Forsyth, children of Ann; all of whom are made parties defendants with the executors, to the bill of complaint.

The prayer of the bill is, that the will of the testator may be established, and the trusts thereof performed and carried into execution under the direction of the court; and that the executors may be decreed to pay to the complainant the one-fifth of the said legacy of nine thousand dollars, or so much thereof as he appears to be entitled to, with interest.

An answer having been filed by the executors, the cause was put at issue and depositions taken.

By an interlocutory decree, made by chancellor Williamson, at the January term, eighteen hundred and twenty-nine, it was decreed that the legacy so given in trust, did not lapse by the

death of the legatee, in the lifetime of the testator; and that the trusts ought to be performed and carried into execution; and that the nearest descendants of the said deceased sisters of the testator, are entitled to have and receive from the executors the said legacy of nine thousand dollars, with interest; and it was in and by said decree, referred to Charles Ewing, esq. one of the masters of the court, to ascertain and report who were, at the date of the said decree, the nearest descendants of the said sisters, and the proportions of the said legacy to which they were respectively entitled.

On the second of April, eighteen hundred and twenty-nine, the master made his report in pursuance of the said decretal order. On the ninth of April, eighteen hundred and twenty-nine, the report of the master was filed; and on the same day, an appearance was filed for the other defendants, the *cestui que trusts* of the said legacy.

At the January term, eighteen hundred and thirty-one, an order was made, reciting that the matters in controversy between the complainant and the defendants, the executors of Robert Taylor, deceased, had been accommodated, and directing, with the assent of the solicitor of said defendants, that the complainant's bill be dismissed without costs.

Notice was subsequently given to the executors, of a motion to vacate and discharge the said order of dismissal, because the same was unlawful, and irregularly entered, and because it was entered without the knowledge or consent of the defendants, legatees under the will of the said Robert Taylor, deceased, or of their solicitor, and under some arrangement unknown to them: which motion was continued until the October term, eighteen hundred and forty-one, when the same came on to be heard.

*G. D. Wall*, for the legatees, in support of the motion.

The order of dismissal was made with the consent of the counsel of the executors, but without the knowledge or consent of the legatees, defendants, or their solicitor.

[Collins v. Ex'rs of Taylor.]

They had an interest in the subject matter of the suit, and were necessary parties. They had appeared and aided the complainant on the hearing.

The decree was for the benefit of all, and could not be discharged without the consent of the legatees.

2 *John. Chan.* 553 ; 3 *Paige*, 517 ; 4 *John. Chan.* 619 ; 4 *Paige*, 374 ; 3 *Paige*, 164 ; 1 *Sim. and Stu.* 479 ; 3 *Dess.* 207 ; *Eq. Draftsman*, 213 ; 2 *Ball and B.* 337 ; 1 *Jac. and Walk.* 249 ; 1 *Hoffman's Chan. Pr.* 388, 416 ; 6 *Cond. Eng. Chan.* 10 ; 12 *Vesey*, 409 ; 2 *Sch. and Lef.* 708 ; 1 *Cond. Eng. Chan.* 414 ; 2 *Sim. and Stu.* 196.

After a decree, a complainant in a creditor suit cannot dismiss his bill. The decree enures to the benefit of all the parties in interest.

6 *Cond. Eng. Chan.* 403 ; 5 *Ibid*, 54, 461 ; 1 *Hoffman's Chan. Pr.* 327 ; *Mitford's Pl.* 77, 79 ; 1 *Sch. and Lef.* 296 ; 4 *Vesey*, 683 ; 2 *Vesey, sen.* 571 ; *Wyatt's Prac. Reg.* 179, 184 ; 9 *Price*, 210.

*W. Halsted*, contra.

It appears by the master's report, that part of the defendants in the suit are dead, the notice is therefore defective.

The application is too late. The proceedings and decree are required to be enrolled within three months after the final determination of the cause.

*Elmer's Dig.* 58, sec. 45 ; *Ibid*, 63, sec. 1.

An enrolled decree cannot be opened on motion.

2 *Smith's Chan. Prac.* 2, 17, 21 ; 18 *Vesey*, 319 ; 1 *Vesey*, 93.

A supplemental bill may be filed by the legatees, but the complainant cannot be compelled, against his will, to carry on this suit for others.

All the cases cited on the other side, are those of creditors, on whose behalf the bill was filed, and who have an interest to go on with the suit. There is no case of a defendant's obtaining this privilege. The bill was not filed for the benefit of these

[Collins v. Ex'rs of Taylor.]

applicants. It charges that they refused to join in the suit. The complainant being a non-resident, was compelled to give security for costs. He cannot be made liable on his bond, against his consent, nor be put to the hazard of such liability.

One defendant cannot carry on the suit against a co-defendant in the complainant's name.

The doctrine contended for by the adverse counsel, applies only to a final decree. Nor does it apply to a case where a defendant does not appear and answer. He cited also,

11 *Vesey*, 168; 2 *Paige*, 213; 4 *Paige*, 51.

*I. H. Williamson*, on same side.

After a suit has been dismissed for three years, the cause cannot be restored at the instance of a defendant.

The application must be made by petition, not by motion.

The bill and the whole proceeding are irregular, and the decree might be set aside upon a bill of review.

3 *John. Chan.* 553; 13 *Vesey*, 399; 1 *Cond. Eng. Chan.* 414.

Had the bill been filed for the benefit of all, then the decree of dismissal could not have been made to their prejudice, without notice, but the defendants actually refused to join in the suit.

4 *Cond. Eng. Chan.* 461.

This bill is for the benefit of the complainant alone.

3 *Paige*, 104.

The only mode of relief is to file a supplemental bill. The decree is against dead persons. The supplemental bill may be filed without getting rid of the order of dismissal, and may bring Collins, the present complainant, before the court.

*Wall*, in reply.

Where the facts of the case appear by the records of the court, and there is nothing to settle but the law arising on those facts, then it is proper to proceed by motion. No petition is required. Here all the facts are before the court.

[*Collins* v. *Ex'rs of Taylor.*]

These defendants could not have proceeded with a suit in their own behalf, after this bill was filed. The whole controversy was involved and the court would not have permitted another suit to be brought.

The decree has never been enrolled. It ought not to be.

Before a supplemental bill can be filed, this order of dismissal must be removed out of the way.

BY THE CHANCELLOR.* The order of dismissal was improperly made, and must be set aside, except so far as respects the claim of the complainant: as to him it must stand. The legatees who are defendants, are entitled to the benefit of the interlocutory decree, and the master's report thereon; and are at liberty to file a supplemental bill, to obtain the benefit of the said decree, without prejudice from the order of dismissal. But they cannot be permitted to proceed in this suit, in the name of the complainant.

The following order was thereupon made.

"Upon opening the matter to the court this day, it appearing to the court that the bill was filed by the complainant in this cause, to recover a legacy of nine thousand dollars of the executors of Robert Taylor, which was bequeathed by the testator to one Robert Huey or Taylor, son of Martha Huey, in trust, to be divided among the nearest descendants of the testator's deceased sisters, in such proportions and to such persons, as in his judgment he might think most needy, prudent and meritorious; and that in the term of January, in the year of our Lord one thousand eight hundred and twenty-nine, an interlocutory decree was made in this cause, whereby it was ordered, adjudged and decreed, that the legacy so as aforesaid given by the said testator, to the said Robert Huey or Taylor, in trust as aforesaid, did not lapse by the death of the said Robert Huey in the lifetime of the testator, but that the same was a trust in the said Robert Huey for the benefit of the nearest descendants of

* No written opinion was delivered.

the deceased sisters of the said testator, to wit, Margaret, Elizabeth, Jane, Mary and Ann, and ought to be performed and carried into execution accordingly ; and that the nearest descendants of the said deceased sisters of the said testator, are entitled to have and receive of and from the said Archibald S. Taylor and John A. Taylor, surviving executors of the said Robert Taylor, the said sum of nine thousand dollars, mentioned in the codicil to the will of the said Robert Taylor, deceased, together with the lawful interest thereon from one year after the death of the said testator ; and it was referred to Charles Ewing, esquire, one of the masters of this court, to ascertain who were the nearest descendants of the said deceased sisters, at the date of the said decree, and their names respectively, and the several proportions of said legacy to which they were respectively entitled, to the end that such further decree should be made thereon as the said chancellor might think equitable and just : and that in pursuance of said interlocutory decree, the said master made his report, bearing date on the second day of April, in the year of our Lord one thousand eight hundred and twenty-nine, thereby ascertaining the nearest descendants of the said five sisters of the testatator, and the amount of the said legacy : and it further appearing, that although Garret D. Wall appeared as the counsel of the descendants of four of the sisters, and argued the cause on the interlocutory decree, that without notice to him, the said complainant, in the term of January, eighteen hundred and thirty-one, dismissed the said bill ; and it further appearing, that in the term of January, eighteen hundred and thirty-four, an order was made in this cause, that a notice to vacate the said order for dismissal for the reasons therein stated, should stand over to the next term, and that the same was continued from term to term to the last term, at which term, to wit, in the term of October, one thousand eight hundred and forty-one, the said motion came on to be argued in the presence of Garret D. Wall, of counsel with the descendants of Elizabeth, Jane, Mary and Ann, four of the sisters of the testator, and of William Halsted, of counsel with the complain-

[Collins v. Ex'rs of Taylor.]

ant, and of Isaac H. Williamson, solicitor and of counsel with the said Archibald S. Taylor and John A. Taylor, surviving executors of the said Robert Taylor, deceased; and the said chancellor having taken time to advise thereon until this day, and now on this twentieth day of January, in the year of our Lord one thousand eight hundred and forty-two, it is ordered and adjudged by his excellency, William Pennington, governor and chancellor of the state of New-Jersey, and the said chancellor by virtue of the power and authority of this court, doth order, adjudge and decree, that the said order of dismissal as aforesaid, made in the term of January, eighteen hundred and thirty-one, be vacated and set aside and entirely held for nothing, except so far forth as respects the claim of the said complainant against the said Archibald S. Taylor and John A. Taylor, surviving executors of the said Robert Taylor; and that notwithstanding such dismissal, the said interlocutory decree and report of master, stand good and effectual so far as respects the nearest descendants of the said Elizabeth, Jane, Mary and Ann, the sisters of the said testator : and that they, or any of them, be at liberty to file a supplemental bill, or an original bill in the nature of a supplemental bill, as they may be advised, to obtain the benefit of and carry into effect the said decree, without prejudice from the said order of dismissal; and that the said interlocutory decree and master's report do stand in full force and strength so far as respects the rights of the said descendants of the said Elizabeth, Jane, Mary and Ann, four of the sisters of the said testator, Robert Taylor, deceased, and that any proceedings by them had on the said decree, be at their own expense and costs, and without any liability of the said complainant therefor."