Person et al. *v.* Nevitt.

----

### Person and Marye *v.* John B. Nevitt.*

1. CHANCERY: DECREE OBTAINED BY FRAUD SET ASIDE: BILL OF REVIEW.—A decree obtained by a fraudulent concealment, by one of the parties, of facts which it was his duty to communicate to the court, will be annulled, and the cause reinstated upon a bill in the nature of a bill of review, filed by the other.

2. CHANCERY: PRACTICE: DISMISSAL OF BILL FOR WANT OF PROSECUTION.—By the rules of the Chancery Court, a bill may be dismissed at the instance of the defendant, where the complainant has failed to take any step in the prosecution of his suit, for two terms next preceding the one at which the motion to dismiss is made; but a dismissal will not be ordered where the omission to prosecute took place at the instance of the defendant and for his benefit.

3. CHANCERY: DECREE SET ASIDE FOR FRAUD.—At the request of the defendant, and to enable him to negotiate a compromise, the complainants' solicitor took no

* It appeared by an agreement filed on the record, that the counsel of Nevitt, in the Vice-Chancery Court, who made and argued the motion to dismiss, knew nothing of the agreement for continuance made by Nevitt with complainants' solicitor.—R.

Person et al. *v.* Nevitt.

steps in the prosecution of the suit for two terms; at the next term, after the complainant's solicitor had left the court and returned home, the suit, upon the motion of the defendant, was dismissed on account of such omission to prosecute; the defendant failing, upon the trial of the motion, to state to the court the circumstances under which it took place. *Held,* That the decree of dismissal was procured by the fraudulent concealment, by the defendant, of facts which it was his duty to have communicated to the court, and that, therefore, it should be annulled and the cause reinstated.

APPEAL from the District Chancery Court at Natchez, Hon. B. C. Buckley, vice-chancellor.

*George S. Yerger,* for appellants,
Cited 1 Johns. Ch. R. 402; 1 Vesey, R. 120; Ib. 284-289.

*John B. Coleman,* for appellee,
Cited Story, Eq. Pl. §§ 426, 428.

*W. P. Harris,* on same side.

1. The fraud for which a decree can be successfully impeached, is not that *which affects the claim sued on or defence set up,* but that which was employed in *obtaining the decree itself,* and must have been employed so as to mislead the party and *deprive him of the opportunity* and the *means* of making his defence or claim available, as by inducing him not to attend trial, or through fraudulent collusion with counsel or parties representing him in the suit, withholding his defence and suppressing the evidence sustaining it. These propositions will appear to be well founded from the leading cases to which the rules, on this subject, owe their origin or sanction. *Kennedy* v. *Daly,* 1 Scho. & Lefroy, 355; *Manatin* v. *Molesworth,* 1 Eden, 18; *Gill* v. *Carter,* 6 J. J. Marshall, 485; 3 Brown, Ch. Ca. 74.

2. Enlightened public policy strongly urges us to uphold the finality of decrees and judgments; *interest reipublicæ ut sit finis litium,* is not a barren legal maxim but a vital principle, of the wisdom and necessity of which we are daily admonished. Where the opportunity to contest is afforded by notice of the suit, no decree or judgment can or ought to be set aside because the *claim* was unfounded and fraudulent or the defence unconscientious.

On this subject there are two rules uncontroverted and inflexible: First. It matters not how just and well founded in law a claim may be, a judgment sustaining it against a party not duly notified of the suit, is a nullity, and, as a consequence of this rigid rule; Secondly. When notice has once been given of the pendency of a suit, and the party is not prevented from attending to it by fraudulent deception, or deprived of the means of defence by collusive combination, though the claim or defence set up may be fraudulent and unfounded, the law presumes the opportunity to contest, and demands diligence to profit by it; and if the failure to do so is traceable to the negligence of the party, or his *voluntary omission*, he is not entitled to the aid of a court to relieve him from the judgment.

3. The whole body of the law regulating the duties and relations of parties to judicial controversies, rests on the idea that the plaintiff and defendant are *antagonists*, and each is to take care of his own rights. The law imposes no duty on either to disclose to the other facts necessary to his claim or defence, or to divulge facts to his opponent or to the court, in opposition to his own claim or defence. And a party who *trusts* that the integrity of his opponent will shield him from an unconscientious defence, or prevent the setting up of an unfounded claim, where no promise is made not to make the defence, or not to set up or insist upon the claim, and so trusting, neglects the necessary precautions, must take the consequences. See *Talbot* v. *Todd*, 5 Dana, 194.

HANDY, J., delivered the opinion of the court.

This was a bill filed by the plaintiffs in error, in the District Chancery Court at Natchez, in the nature of a bill of review, for the purpose of setting aside the dismissal of a previous suit in that court, brought by the plaintiffs in error against the defendant. The grounds upon which the relief is sought are, in substance, that at two terms of the court next preceding that at which the dismissal took place, the defendant applied to the complainants' solicitor for a continuance of the cause, in order to have an opportunity of effecting a compromise with the complainants, which pro-

positions were acceded to, and continuances granted at both terms, when the case was ready to be set for hearing. At the next term after the last continuance, and after the solicitor of the complainants had left the court—nothing further being done in the cause—the defendant caused a motion to be entered for the dismissal of the suit for want of prosecution; and the motion was granted on the ground that no step appeared to have been taken in it for two terms preceding. The bill alleges that neither the complainants nor their solicitor knew of the dismissal until after the time had elapsed, and when it was too late to have the cause reinstated; and that no steps were taken at the two terms preceding the dismissal, because of the promise made by the solicitor, to Nevitt, to let it lie over as it then stood, for the purpose of enabling the defendant to compromise it; and that a new suit, upon the cause of action, is now barred by the Statute of Limitations. The prayer is, that the order of dismissal be set aside, and the cause reinstated.

The defendant demurred to the bill, and answered as to the charge of fraud; and the demurrer was sustained and the bill dismissed.

We think it clear that, upon the facts stated in the bill, the appellants were entitled to the relief sought.

It appears by the allegations of the bill, that the two continuances, previous to the term at which the dismissal took place, were granted at the request of the defendant, and, as must be presumed, for his benefit. If the continuances were granted with the view of giving the defendant an opportunity to compromise the debt, as is alleged, that was certainly a good excuse for the failure to set the case for hearing, or to take any other step in it. The complainants' solicitor had the right to act upon the assumption that the propositions made by the defendant were made in good faith, and would be acted upon by him accordingly. The defendant was, therefore, the cause of no steps being taken in the cause at the terms when continuances were granted; and if these facts had been stated or made known to the court, the court would not have been justified in dismissing the suit. If there was any fault in the due and proper prosecution of the suit, it was occasioned by his own conduct.

The action of the court in dismissing the bill was, therefore, founded upon a mistake of fact, which it was the duty of the defendant to have made known to the court. And if the facts stated in the bill be true, they show a case of fraudulent concealment on his part which must debar him of the advantage which was thereby obtained to the complainants' prejudice; and it falls within the principle recognized in *Webster* v. *Skipwith*, 26 Miss. R. 341.

The decree must be reversed, the demurrer overruled, and the defendant required to answer within sixty days.