## C. F. & J. L. BUCHANAN VS. R. F. GRIMES.

♦

GUARDIAN: *Final Account.*

G., guardian of Mrs. B., filed his final account, to which Mrs. B. and husband urged some objections, and, at the April term, 1873, G. obtained an order to "withdraw his final account" and "file an amended final account." No steps were taken until January term, 1874, when the final account first filed was materially altered, and decree rendered allowing the account and discharging the guardian without further notice to the ward. *Held,* that the alteration of the account at the third term of the court, without any notice of it to the ward, operated a surprise to her, and entitles her to have the decree of allowance vacated, and that, although this proceeding is called a petition, it is in fact in the nature of a bill of review, and should be so treated.

APPEAL from the Chancery Court of *Rankin* County.

Hon. W. B. PEYTON, Chancellor.

Buchanan and wife filed their petition stating that Grimes, as guardian of Mrs. B., filed, at the January term of the chancery court, 1873, what purported to be a final account, to which the ward excepted, and, at the April term, 1873, Grimes applied for and obtained an order granting leave to him to withdraw the account and to file an amended account, and the matter stood so until the January term, 1874, when Grimes, without notice to the ward, made some alterations and erasures in the account and obtained a final decree allowing the account and discharging the guardian.

The account as filed showed a balance due the ward; the account as allowed showed a balance due the guardian of $74.00, which the decree directed Mrs. B. to pay.

The petition alleges that both accounts were irregular, incorrect, and fraudulent, and that the decree was fraudulently obtained; that it was without notice and void; prays for a decree requiring Grimes to make a just and true account.

The answer of the guardian denies the fraud, and claims that the account and cause remained on the docket and was regularly called and disposed of. The court dismissed the petition, and the case came to this court on appeal.

It is assigned for error:

1. After the appellee had, at the April term, 1873, by leave of the court, withdrawn his final account, filed at January term, 1873, with leave to file an amended account, the court erred in rendering, at the January term, 1874, a final decree allowing that account and discharging the guardian without notice to the appellants.

2. The court erred in allowing the account, as charged after withdrawal, without refiling or notice to appellants.

3. The court erred in its final judgment on the petition and plea in adjudging a decree, at October term, 1874, that the defendant's plea barred the relief sought, and dismissing the petition.

*Shelton & Shelton,* for appellants.

*J. B. Harris* and *Harris & George,* for appellee.

[Reporters find no briefs on either side in the record.]

Campbell, J., delivered the opinion of the court.

Grimes was guardian of Mrs. Buchanan, and filed his final account as such in the chancery court, and Mrs. B., with her husband, was duly brought into court and urged some objection to the account as presented, and, at the April term, 1873, the guardian asked and obtained an order of court allowing him to " withdraw his final account" and " file an amended final account." Without any step taken in the case until the January term, 1874, of the court, the final account first

filed was materially altered and a final decree entered allowing it as amended and discharging the guardian. On the 22d of June, 1874, a petition was exhibited by the ward setting forth the above facts and praying the court which had rendered the final decree to set it aside and re-open the account, on the ground that petitioner had no notice of the altered account and that its allowance operated as a surprise and fraud on her. The late guardian was summoned to answer the petition and pleaded the final decree in bar of the petition, and denied all fraud in obtaining it. The chancellor sustained the defense and dismissed the petition, and his decree is appealed from.

It is claimed by appellee that the case falls within Gray, adm'r, v. Harris, 43 Miss., 421, because all parties were in court and bound to notice every step in the progress of the case. We think the case much more like that of Person et al. v. Nevitt, 32 Miss., 180, which was a bill in the nature of a bill of review to set aside a decree of dismissal of a cause because of surprise to complainant. We think it clear that the alteration of the account at the third term of the court (the chancery courts then held four terms a year), and its being allowed without any notice of it to the ward, operated a surprise to her and entitles her to have the decree of allowance vacated. Though this proceeding is called a petition, it is in fact in the nature of a bill of review, and is treated accordingly.

The decree dismissing the petition is reversed and cause remanded, with directions to the chancery court to set aside and vacate the decree allowing the account and discharging the guardian, and for further proceedings as though such account had not been allowed.