Thompson v. Fisler.

WILLIAM J. THOMPSON et al.

v.

SAMUEL F. FISLER et ux. et al.

A defendant to a creditor's bill, after having· been admitted as a co-complainant, may have the conduct of the cause committed to himself, on the ground of great delay on complainant's part, and on terms as to indemnifying complainant against future costs in the cause.

---

Creditor's bill. Motion to give to creditor, who has, on application, been made a party, the conduct of the cause because of the delay of the complainants in prosecuting it.

*Mr. T. E. French,* for the motion.

*Mr. S. M. Dickinson, contra.*

THE CHANCELLOR.

The bill was filed by the complainants as creditors of Samuel F. Fisler, in behalf of themselves and all others of his creditors who should come in and contribute to the expenses of the suit.

NOTE.—Whenever the complainant delays his suit unreasonably, its prosecution may be committed to any other party in the cause, whether complainant or defendant, as in case of a creditor's bill (*Powell* v. *Walworth, 2 Madd. 183 (436)*; *Price* v. *North, 2 You. & Coll. 628*); although not interested in the whole of the decree (*Edmunds* v. *Acland, 5 Madd. 31.* See *Innes* v. *Lansing, 7 Page 583*); or an administrator's suit (*Fleming* v. *Prior, 5 Madd. 423; Williams* v. *Chard, 5 De G. & Sm. 9; Hutchinson's Trusts, 1 Dr. & Sm. 30*); or next of kin, (*Sims* v. *Ridge, 3 Meriv. 458*); or in proceedings for an account (*Hallett* v. *Hallett, 2 Paige 22; Alvanley* v. *Kinnaird, 8 Jur. 114*); or in prosecuting a reference (*Quackenbush* v. *Leonard, 10 Paige 131.* See *Warren* v. *Shaw, 43 Me. 429; Brosard* v. *Lester, 2 McCord Ch. 419*).

But good cause must be shown (*Jendwine* v. *Agate, 5 Russ. 283*), and the order is appealable (*Wyatt* v. *Sadler, 5 Sim. 450*).

For proceedings after the order, see *Bennett* v. *Baxter, 10 Sim. 417.*

Thompson v. Fisler.

The petitioner, a judgment creditor, was made a defendant, and was duly subpœnaed to answer. The bill was filed in March, 1877, and the subpœna was returnable in April following. All of the defendants but two, who were non-residents, were served. As to them, the usual proceedings by order of publication were taken, and they were called upon to answer on or before June 18th, 1877. No further proceedings on the part of complainants, except the taxation on the 5th of June, 1877, of costs as on dismissal, were taken in the cause. In February, 1881, the petitioner applied to be admitted as a complainant, and it was so ordered. He now asks to be permitted to have the conduct of the cause committed to him on such equitable terms as the court may see fit to impose. The application is based on the delay for almost four years, on the part of the complainants, to proceed with the suit. It does not appear that their claim has been satisfied. No decree of dismissal was ever entered. While it is true that the petitioner would be at liberty to file a bill for himself, it appears to me to be clear that under the circumstances of the case, he is at liberty to proceed with the prosecution of this suit, to which, by the invitation of the complainants, he has become a party complainant with them. It is indeed established that a creditor who files such a bill has complete and absolute dominion over it until decree, and he may have the bill dismissed on

A complainant cannot dismiss his bill to the prejudice of a defendant, and after appearance (*Bank of South Carolina* v. *Rose,* 1 *Rich. Eq.* 292; *Bethia* v. *McKay, Cheves Eq.* 93; *Hanks's Case, Id.* 203, 211; *Ancker* v. *Levy,* 3 *Strobh. Eq.* 211; *McClain* v. *French,* 2 *Mon.* 147; *Hall* v. *McPherson,* 3 *Bland* 529; *Allen* v. *Allen,* 14 *Ark.* 666; *Wilder* v. *Boynton,* 63 *Barb.* 547; *Pacific Co.* v. *Leuling,* 7 *Abb. Pr.* (*N. S.*) 37; *Stew. N. J. Dig. Equity V* (e). But see *Bullock* v. *Zilley,* 1 *Hal. Ch.* 77; *State Bank* v. *Bell,* 3 *Hal. Ch.* 372; *Smith* v. *Smith,* 2 *Blackf.* 232; *Kean* v. *Lathrop,* 58 *Ga.* 355).

One of several complainants cannot move to dismiss (*Fagan* v. *Fagan,* 15 *Ala.* 335); but one defendant may (*De Luze* v. *Loder,* 3 *Edw. Ch.* 419).

A dismissal will not be ordered where complainant's delay was caused by defendant (*Person* v. *Nevitt,* 32 *Miss.* 180; *Dixon* v. *Rutherford,* 26 *Ga.* 153; *Doyle* v. *O'Farrell,* 5 *Rob.* (*N. Y.*) 640; *Doyle* v. *Devane, Freem. Ch.* 345; *McVicker* v. *Filer,* 24 *Mich.* 241. See *Norton* v. *Kosboth, Hopk.* 101; *Bigelow* v. *Roumelt,* 9 *C. E. Gr.* 115; *Warren* v. *Shaw,* 43 *Me.* 429; *Eddings* v. *Gillespie,* 12 *Heisk.* 548; *Gilbert* v. *Campbell,* 1 *Hannay* 474).—REP

receiving satisfaction for his claim and the costs of suit.   *1 Dan. Ch. Pr. 235 ; Innes v. Lansing, 7 Paige 583 ; Pemberton v. Topham, 1 Beav. 316 ; Handford v. Storie, 2 Sim. & St. 196 ; Wood v. Westfall, Younge 305 ; Mattison v. Demarest, 1 Rob. (N. Y.) 717 ; McDougald v. Dougherty, 11 Geo. 570 ; Stephenson v. Taverners, 9 Gratt. 398 ; 2 Barb. Ch. Pr. 169.*   And the debtor defendant may, before decree, obtain a dismissal on those terms. But such absolute dominion over the suit cannot be exercised by the original complainant alone if there be other complainants. In such case, if the defendant debtor would obtain a dismissal, he must satisfy all of them.   If before decree, while the suit is still pending, a creditor sees fit to come in, and asks to be made a complainant, contributing to the expenses of the suit, I do not see on what principle his prayer can be denied.   And when he has taken his place as a co-complainant, he should, of course, be at liberty to proceed with the prosecution of the suit, if the original complainant unduly delays.   A creditor who is permitted to come in as a co-complainant in such a case as this, is authorized to prosecute the suit.   *Strike's Case, 1 Bland 57, 85 ; Williamson v. Wilson, Id. 418, 434 ; Bank v. Dugan, 2 Bland 254.*  In this case, there was no opposition to the application that the petitioner be made a co-complainant, and the original complainants make no objection to the granting of the present motion. The application will be granted, but on terms that the petitioner indemnify the original complainants against all future costs of the suit.