T. D. ANDERSON *v.* J. S. CAMERON, ADMINISTRATOR.

CHANCERY    *Original bill for review.    Case in judgment.*

     A. probated an account against the estate of D., deceased. C., the administrator, contested the account under ? 2029, Code of 1880, which provides for such contest by a reference to auditors, who may hear evidence and report to the court thereon. C. promised A. to admit two items of the account. Relying upon this promise, A. did not introduce any evidence to sustain these two items. The Chancellor on final hearing of the report of the auditors decreed that they be not allowed. A. filed a bill stating these facts and asking that the decree referred to be set aside and the items in question allowed. C. demurred to the bill. *Held,* that the bill shows ground for relief.

APPEAL from the Chancery Court of Montgomery County.

HON. R. W. WILLIAMSON, Chancellor.

T. D. Anderson filed a bill at the October term, 1885, of the Chancery Court of Montgomery County against J. S. Cameron, admin-

istrator of the estate of J. M. Doyle, deceased, which set out sub-
stantially as follows: That some time in 1884 complainant probated
an account against the estate of Doyle, and defendant, as adminis-
trator, contested the same, and the matter was duly submitted to
auditors under § 2029, Code of 1880; that two items of the account,
to wit: one hundred and thirty-three dollars and fifty-five cents for
three bales of cotton, and thirty-seven dollars and fifty cents for
seventy-five bushels of corn, were admitted by the heirs and dis-
tributees of the estate to be due the complainant, and the defend-
ant promised that the contest as to these two items would be
withdrawn, and the complainant, relying thereon, had refrained
from introducing any evidence to support them; that the auditors
allowed them, but when the Chancellor came to act upon their
report he rejected them because there was no evidence in the report
of the auditors to sustain them; that this action was taken as to
these two items by the Chancellor without any objection or excep-
tion on the part of the defendant or any party to the suit, and
that complainant had no counsel in court to represent him and was
not in court himself at the time of the decree. The prayer of the
bill was that the decree of the Chancellor whereby he rejected these
two items be reconsidered and reversed. To this bill defendant
filed a demurrer, which was sustained. The complainant appealed.

*Geo. Anderson,* for the appellant.

1. *Fraud* is a ground for *bill of review.* *Bowen* v. *Seale,* 45
Miss. 30; 90–93 U. S. Rep. 620. The *fraud* in the case at
bar, while not specifically charged, consists in the fact that ap-
pellee, before the proof was taken by the auditors, and in their
presence, announced that his contest as to the two items under con-
sideration would be withdrawn and would be promptly paid, and
thereby induced appellant not to take any proof sustaining said
items, and thereby procuring the decree of the court disallowing
said items.

2. The error complained of is, that the court disallowed a part
of appellant's claim on which the auditors had reported favorably
when there were no written exceptions made or taken thereto or
filed therein.

This action of the court is directly and squarely against § 2029 of Code 1880, which creates the proceedings in these cases.

The rule is :

3. The court, upon its own motion, is confined in its examinations to questions of law arising on the face of the report. And before he can examine any questions of fact with which the auditors only had to deal, exceptions must be filed to the report. *Fowler & Moore* v. *Payne,* 52 Miss. 210 ; *Boyd* v. *Lowry,* 53 Miss. 352.

*Sweatman, Trotter & Trotter,* for the appellee.

1. Section 2029 of the Code of 1880 gives to the chancery court a supervisory power over the report of auditors, and this power is given the court by force of the statute itself, and not by reason of exceptions which may be taken to the report by the litigants. This is not an instance in which a case can only be made by the action of one or the other of the parties litigant. It is incumbent on the court by the language of the statute to allow or disallow it.

2. If the decision of the chancery court was correct upon the state of the pleadings and proceedings under any view of the case, then the decree must stand.

" Bills of review can only be entertained for errors of law appearing in the body of the decree, or for new and material matter discovered after the enrollment of the decree," or on account of " new proof that is come to light after the decree was made which could not possibly have been used at the time when the decree passed." 3 H. 377 ; 3 C. 207 ; 44 Miss. 702.

3. But we understand that appellant will attempt to stretch this bill and claim that it is an original bill for fraud in the nature of a bill of review. Story Eq. Pl., § 426.

There is no charge of fraud *eo nomine* in the whole scope of the bill, and this aspect of the case seems to have been an afterthought, and this view of it can only be obtained by inferences and deductions.

Campbell, J., delivered the opinion of the court.

The bill shows ground for relief, and the demurrer should have been overruled. *Buchanan* v. *Grimes*, 52 Miss. 82.

*Decree reversed and cause remanded, with direction to the chancery court to overrule the demurrer.*