CHARLES A. LONG

*v.*

F. R. LONG COMPANY et al.

[Decided December 9th, 1913.]

A bill whereby a stockholder of a corporation sought injunctive relief under general equity jurisdiction to preserve the corporate existence, and also sought the appointment of a receiver under the statute relating to insolvent corporations, is multifarious, the two proceedings being inconsistent.

*Mr. Peter W. Stagg,* for the complainant.

*Mr. Archibald Hart* and *Mr. William B. Gourley,* for the defendants.

Lewis, V. C.

The state of facts presented in the case of *Robson* v. *C. E. Fenniman Co., 83 N. J. Law (54 Vr.) 453,* differ materially from those in the Long proceeding, and the court finds another test of stockholder's right to sue, *i. e.,* his liability to assessment on his stock. There may be no doubt that the fact has been established that the complainant was a stockholder, but there is the further question, Can a court of conscience sustain his claim to general equitable relief in view of the facts presented? The evidence discloses that the certificate of stock issued to Charles A. Long remained attached in the certificate book undelivered to him for twelve years, while the certificates of all other stockholders were taken away. In his testimony (page 25) Mr. Long admits that there is no evidence to show that he paid one dollar for the stock. The conversation between Thomas and the complainant (page 56) is to the effect that he had paid nothing for the stock. The stock certificates did not come into his possession until after the death of his brother, Frank R. Long, the principal stockholder of the F. R. Long Company, and, as the testimony shows, its moving and controlling spirit. The certificate was then taken from the book by the complainant. In the face of this evidence it seems that the right of the defendant to obtain equitable relief is a matter for grave consideration. However, it is not necessary for me to dispose now of this question. The bill presented must be dismissed on the ground that it is multifarious. There are two radically different proceedings which complainant undertakes to conduct under it. One is a suit under the general equity jurisdiction of the court to secure an injunction to protect the complainant. The other is an action under our statute in relation to insolvent corporations, the object being to obtain the appointment of a receiver. The proceedings are entirely different in their nature. One has

in view the preservation of the corporate existence and the corporate property, and the prevention of injuries inflicted, or threatened to be inflicted, upon this corporation and its property by the defendants. The other proceeding is aimed directly at what is practically the corporate life of the F. R. Long Company—to terminate its corporate existence and distribute its assets among its creditors and stockholders. If this court should hold, upon a proper application, that a receiver should be appointed for the F. R. Long Company, then he would, in the exercise of the functions of his office and as representing all the creditors and stockholders, be the appropriate party to maintain a bill. It is quite apparent that two such different, and in many respects inconsistent remedial proceedings, should not be joined in the same bill. Such a bill must be held to be multifarious. *Pierce* v. *Old Dominion, &c., Smelting Co.,* 67 *N. J. Eq.* (1 *Robb.*) 399, &c.