The complainants White and Stein "sue on their own behalf as stockholders and for the benefit of all other stockholders of the British Type Investors, Inc., similarly situated, who may elect to come in and contribute to the expenses of this suit and they sue as well for the benefit of said British Type Investors, Inc." Their bill contains two causes of action. Upon the first, they pray that the individual defendants, who are officers and directors of the corporate defendant, do account and do pay over to the corporation whatever may be found due. The second cause of action concludes with the prayer that an injunction issue and a receiver be appointed for the corporation, pursuant to the provisions of R.S. 14:14-1, c. Whether the two causes of action are properly joined is a question of doubt with which I need not deal. Pierce v. Old Dominion Copper, c., Co.,67 N.J. Eq. 399; Long v. F.R. Long Co., 82 N.J. Eq. 544.
The bill was filed in April of this year and an order to show cause made on the second cause of action. After argument, the order was discharged. The suit thereupon proceeded upon the first cause of action. On August 6th, two stockholders of the company gave notice to complainants' solicitor that they would apply on August 12th for an order *Page 159 
permitting them to intervene as co-complainants, and allowing them to file amended pleadings and to participate actively in the prosecution and management of the suit. On August 12th, as the petition for leave to intervene was about to be moved, defendants' counsel presented to the court a draft decree consented to by the complainants, dated August 6th, which recites that the matter has been fully settled between the parties and which orders the bill dismissed without costs. Decision on the motion to enter the decree was deferred until the petition to intervene was heard.
The first cause of action is a representative or derivative suit. While the corporation is nominally a defendant, it is, in substance, the complainant, since the suit is prosecuted for its benefit and only indirectly for the benefit of complainant and other stockholders. Goodbody v. Delaney, 80 N.J. Eq. 417;Mayer v. Oxidation Products Co., 110 N.J. Eq. 141, 146. It is also a class suit. A plaintiff who sues not only for himself but in behalf of others of the same class, is not a trustee for the other members of the class to the extent of requiring him to carry on the litigation for their interest in opposition to his own, or after he has settled his claim. He controls the litigation and may discontinue his action at will, until there be a decree affecting the rights of the class or until others of the class have intervened in the suit. The defendants have an equal corresponding right to dismiss the suit upon settling with the plaintiff or on securing his consent. But after others have intervened or a decree has been taken, the original parties lose their power to dismiss the action, except for cause, or with the consent of those who have intervened or whose rights are affected by the decree. Hirschfield v. Fitzgerald (N.Y.),51 N.E. Rep. 997, and numerous cases cited in notes in 8 A.L.R. 950, and 91 A.L.R. 572. See, also, Collins v. Taylor's Ex'rs,4 N.J. Eq. 163. These general rules are well settled.
At what time, for the purpose of these rules, is a member of the class deemed to have intervened? Is it when the order is made admitting him as a co-complainant, or when he files a petition or gives notice of his application? Belmont Nail Co. v. Columbia,c., Co., 46 Fed. Rep. 336, holds that *Page 160 
an order admitting an intervener relates back to the filing of his petition to intervene, so that the suit cannot be dismissed after the petition is filed, without his consent or an opportunity given him to be heard. In Hirschfield v.Fitzgerald, supra, is a dictum that complainant loses his full control of the suit when notice of the motion to intervene has been served.
Keller v. Wilson (Del.), 194 Atl. Rep. 45, was a stockholder's suit. After it had been pending two years, another stockholder, learning that the original complainants had reached a settlement with the defendants and were about to dismiss the action, petitioned for leave to intervene. The court, denying the application, said that it was the policy of the law to encourage settlements; that the petitioner should not be permitted to interject himself between the defendant and the full enjoyment of the settlement's stipulated results. That case was different from the one before me, in that the complainants asked relief not for the corporation or other stockholders, but for themselves alone, namely, a decree that they, as holders of class A stock, were entitled to be paid the dividends accumulated thereon before any dividends were paid on the common stock.
The public policy which favors the compromise of litigation mentioned in the Delaware Case, has little weight in the present suit. It is possible, of course, that the complainants have negotiated a settlement whereby the individual defendants have restored to the company some part of the funds which, according to the allegations of the bill, they should repay. But I am not informed of the nature of the settlement which has been made. In suits of this kind, a settlement generally means that the defendants have bought complainant's stock at a figure somewhat in excess of market value. While complainants have a right to make a bargain of this kind, public policy does not especially favor it. It is a transaction entirely different in character from a compromise between creditor and debtor.
Siegel v. Archer (Ind.), 10 N.E. Rep. 626, was a suit by a bank depositor against stockholders to enforce their liability for assessment. Another depositor filed a petition showing *Page 161 
that the plaintiff contemplated the dismissal of the action and asking to be admitted as a party plaintiff. His petition and a counter-motion to dismiss were heard together. The court said that "a member of the class is entitled to be named as a party plaintiff upon a showing that the original plaintiff is allowing the interests of the members of the class to be jeopardized. * * * In our opinion, a member of the class who desires to continue the class suit is entitled, as a matter of right, to be named as a party plaintiff if the named plaintiff is, in fact, intending voluntarily to dismiss the suit as to the class, and when, as in the instant case, a member of the class petitions to be named as a party plaintiff prior to the dismissal of the action by the named plaintiff, he must be treated as a party to the suit for the purpose of presenting objections to its dismissal."
In Schlagenhauf v. Craven, 61 N.J. Eq. 232, a judgment creditor filed a bill to set aside a fraudulent conveyance. His bill stated, however, that it was filed in "behalf of himself and such other creditors as shall come in and join in this bill." Defendants paid complainant's judgment, tendered him costs and gave notice of a motion to dismiss the bill. Other creditors were then admitted as complainants with the consent of the original complainant, and opposed the motion to dismiss. Vice-Chancellor Gray held that when the defendants noticed the motion to dismiss, they were entitled, at that time, to a dismissal. "Equity looks upon that as done which, of right, ought to have been done. In analogy to this maxim, the defendants having been entitled to the order of dismissal when they gave notice of their motion for it, ought not to be defeated of their right by the subsequent exparte action of strangers to the suit." Accordingly, the bill was dismissed. This was not truly a class bill despite the words used in the introduction. The complainant was suing for his own benefit alone as is usual in bills to set aside fraudulent conveyances. Central-Penn National Bank v. New Jersey Fidelityand Plate Glass Co., 119 N.J. Eq. 265.
Upon this review of the authorities, I am of the opinion that the rights of one asking leave to intervene should be determined as of the time he takes his first step, be it serving *Page 162 
notice, filing a petition, or moving ex parte. Where the bill is a true class bill, the application for admission is generally granted, unless the bill has already been dismissed before the intervener acts. But it will be denied if the equities of the situation require. In the instant suit, no facts have been presented to show that intervention will operate inequitably or impose a hardship on any of the original parties. The petitioners will be admitted as parties complainant upon terms as to costs, and the motion to dismiss the bill will be denied. Of course, the original complainants will be dismissed from the suit, if they so desire.
Petitioners also ask to be allowed to participate in the management of the suit. Generally, even after intervention, the original plaintiff continues to be dominus litis. There can be only one manager of a suit, or one united group acting through the same counsel. But an intervenor may have the conduct of the cause committed to him when the court finds that the action is not being prosecuted with vigor and reasonable capacity.Hallett v. Moore (Mass.), 185 N.E. Rep. 474; Bowker v.Haight, 140 Fed. Rep. 794; Thompson v. Fisler, 33 N.J. Eq. 480.
Since the original complainants do not wish to proceed, they should probably be relieved of the labor of managing the cause. McAlpin v. Universal Tobacco Co., 57 Atl. Rep. 418.
However, the question of management has not been argued, so no order will be made on the subject. Likewise with the proposed amendments to the bill. *Page 163