This is an application to vacate an order permitting Caroline Dolmatch to intervene in this cause. It was entered ex parte
without notice to the complainants or defendants. On October 23d 1942, an order was entered directing that "Any stockholder who wishes to intervene in said suit and contribute to the expense thereof may do so by seasonable petition to the Chancellor of the State of New Jersey for an order allowing such intervention." In November, 1942, notice of this order was published in several newspapers.
On January 14th, 1943, the petitioner filed her petition to intervene, which recites that "Petitioner is the beneficial owner and holder of 100 shares of Class B. Common Stock of R.J. Reynolds Tobacco Company, one of the defendants *Page 117 
herein, which said shares are registered in the name of H. Hentz Co." Upon this recital rests her right to intervene.
The complainants question the sufficiency of the petition. They argue that the petitioner admittedly is not the owner of record of the aforesaid 100 shares of stock, and, consequently, is without standing to intervene. They submit as an authority therefor the ruling of this court in Hodge v. United StatesSteel Corp., 64 N.J. Eq. 90; 53 Atl. Rep. 601; affirmed, 64 N.J. Eq. 807; 54 Atl. Rep. 1. The Hodge Case holds that "a suit of the present character must be based upon an ownership of record at the time of filing the bill, and that the ownership of shares standing in the name of another will not be sufficient to maintain the suit."
The rule under which parties may intervene is most clearly enunciated by Vice-Chancellor Berry in the case of Downs v.Jersey Central Power and Light Co., 115 N.J. Eq. 448;171 Atl. Rep. 306, wherein a defendant sought to intervene. The principles the Vice-Chancellor expounded as a basis for the admission of a defendant intervenor in that case likewise apply to a party seeking to intervene as a complainant. In his opinion the Vice-Chancellor among other things said:
"It may be conceded that every decree against a corporation adversely affects the interest of its stockholders. But it does not follow that every stockholder has a right to intervene in the suit; and where the corporation is properly defending, and interposes the very defenses sought to be interposed by the one seeking intervention, the record ought not to be unnecessarily encumbered by the admission of stockholders as parties. The corporation defends for its stockholders and in the absence of fraud or bad faith the stockholders' intervention is not necessary, although permissible in the court's discretion."
The petition does not question the complainants' ability to safeguard and protect the interests of all the stockholders; nor does it present any special reason why the petitioner should intervene. It presents no facts of substantial aid or help to the cause of the complainants or to the stockholders they represent. It predicates her right to intervene upon the weak and unstable ground that she "had an interest in this *Page 118 
cause and desires to be represented by counsel therein and to be heard." Her allegations are scant and without merit. She did not seek to intervene in these proceedings until approximately two months after publication of the notice of the order in the newspapers — after the time when the issues were fully formed between the parties and the case ready to be heard by this court. The intervention as indicated was without notice to the complainants or the defendants. Complainants had no knowledge of the petitioner's application until approximately two or three weeks ago when they learned of it accidently. In the application to intervene, the petitioner does not offer "to contribute to the expense." The petition lacks the essentials entitling the petitioner to intervene. White v. British Type Investors,Inc., 130 N.J. Eq. 157; 21 Atl. Rep. 2d 681; Mathews v.American Tobacco Co., 130 N.J. Eq. 470; 23 Atl. Rep. 2d301.
The motion to vacate the order of intervention is granted.